1
2
3
4
5
6
7
8
9
10
11

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

GIOVANNI KURTZE,

                                  Plaintiff,

    v.

STATE OF NEVADA, et al.,

                                 Defendants.

Case No. 2:17-cv-02888-JCM-PAL

**REPORT OF FINDINGS AND RECOMMENDATION**

(IFP App. – ECF No. 1)

12
13
14
15

      This matter is before the court on Plaintiff Giovanni Kurtze's Application to Proceed *In Forma Pauperis* (ECF No. 1) pursuant to 28 U.S.C. §§ 1915 and 1915A and LSR 1-1 of the Local Rules of Practice. This application is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4 of the Local Rules of Practice.

16
17
18
19
20
21
22
23
24
25
26
27

      Mr. Kurtze is a prisoner in the custody of the Clark County Detention Center. He is proceeding in this action *pro se*, meaning without an attorney. Kurtze has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and requested permission to proceed *in forma pauperis*. However, on at least three occasions, the court has dismissed civil actions Kurtze commenced while incarcerated for failure to state a claim upon which any relief may be granted. *See Kurtze v. State of Nevada et al.*, 2:17-cv-00208-APG-PAL (dismissed with prejudiced for failure to state a claim upon which relief can be granted); *Kurtze v. Johnson et al.*, 2:17-cv-02375-RFB-CWH (same); *Kurtze v. Johnson et al.*, 2:17-cv-02756-JAD-GWF (same). The court takes judicial notice of its prior records in the above matters. Judicial notice is properly taken of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue. *E.g.*, *Byrd v. Phoenix Police Dep't*, 885 F.3d 639 n.3 (9th Cir. 2018) (citing Fed. R. Evid. 201(b)(2)).

28

Federal law provides that a prisoner may not proceed IFP if he has, on three (3) or more prior occasions, filed a federal action or appeal while incarcerated that was "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g).  Instead, the prisoner must pay the full $400 filing fee in advance unless he is "under imminent danger of serious physical injury."  *Id.*

In his proposed complaint, Mr. Kurtze alleges civil rights violations against defendants State of Nevada, Clark County District Attorney Steven B. Wolfson, and Chief Deputy District Attorney Marc Digiacomo (sic).  *See generally* (ECF No. 1-1).  He claims defendants violated the Fifth Amendment prohibition against double jeopardy in his capital murder case before the state court.  *State of Nevada v. Giovanni Kurtze*, Case No. C-14-299786-1.[1]  The court finds that these allegations fail to plausibly allege that Kurtze is in imminent danger of serious physical injury.  *See Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (holding that the exception to § 1915(g) applies if the complaint makes a plausible allegation that the prisoner faced imminent danger of serious physical injury at the time of filing).  As such, Plaintiff must pre-pay the $400.00 filing fee in full.

Accordingly,

**IT IS RECOMMENDED** that:

1.  Plaintiff Giovanni Kurtze's Application to Proceed *In Forma Pauperis* (ECF No. 1) be **DENIED**.

---

[1]  The court takes judicial notice of the status of Kurtze's state criminal case.  According to the state court's register of actions, a judgment of conviction was entered against Kurtze in October 2018.  To the extent Mr. Kurtze alleges government misconduct related to his criminal conviction, the court notes that federal district courts do not have appellate jurisdiction over a state court, whether by direct appeal, mandamus, or otherwise.  *E.g.*, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482–86 (1983).  A plaintiff convicted of a crime cannot pursue § 1983 claims for civil rights violations if a favorable judgment would necessarily invalidate his conviction or sentence.  *Heck v. Humphrey*, 512 U.S. 477, 484–87 (1994).  This means § 1983 actions cannot be used to indirectly attack a conviction or sentence.  *Id.*  A plaintiff "may challenge the validity of his arrest, prosecution, and conviction *only by writ of habeas corpus*."  *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) (emphasis added).

2.  The proposed complaint (ECF No. 1-1) be **DISMISSED** without prejudice unless Plaintiff pays the $400 filing fee in full within thirty (30) days of entry of this this Report of Findings and Recommendation.

3.  The Clerk of Court be instructed to enter judgment accordingly.

Dated this 21st day of December, 2018.


PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

## NOTICE

This Report of Findings and Recommendation is submitted to the assigned district judge pursuant to 28 U.S.C. § 636(b)(1) and is not immediately appealable to the Court of Appeals for the Ninth Circuit.  Any notice of appeal to the Ninth Circuit should not be filed until entry of the district court's judgment.  *See* Fed. R. App. P. 4(a)(1).  Pursuant to LR IB 3-2(a) of the Local Rules of Practice, any party wishing to object to a magistrate judge's findings and recommendations of shall file and serve *specific written objections*, together with points and authorities in support of those objections, within 14 days of the date of service.  *See also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72.  The document should be captioned "Objections to Magistrate Judge's Report of Findings and Recommendation," and it is subject to the page limitations found in LR 7-3(b).  The parties are advised that failure to file objections within the specified time may result in the district court's acceptance of this Report of Findings and Recommendation without further review.  *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  In addition, failure to file timely objections to any factual determinations by a magistrate judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation.  *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991); Fed. R. Civ. P. 72.